*Decision will be entered under Rule 50.*

O. J. MORRISON DEPARTMENT STORE COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MORRISON DEPARTMENT STORE COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31247, 39590. Promulgated June 29, 1931.

*Michael M. Doyle, Esq.,* and *J. S. Wolfe, Esq.,* for the petitioners. *L. W. Creason, Esq.,* for the respondent.

896

OPINION.

SMITH: The sole issue involved in these proceedings is the allowance as a deduction from gross income of the taxable years involved of certain alleged premium expense on sales made in each of the years involved on account of certain premiums which it is anticipated will be given out in the future upon presentation by the customers of sales slips representing sales made in said years.

The petitioners contend that under their method of merchandising they have a liability at the close of each year to redeem certain sales slips outstanding which have been issued to customers upon cash sales; that they have always held themselves out to the public as ready and willing to redeem these sales slips in merchandise regardless of the year in which issued; and that in point of fact sales slips are redeemed in many cases which have been outstanding many years. The petitioners admit that their records do not show the total amount of the sales slips redeemed during each of the taxable years, but they do contend that in subsequent years the amount

redeemed is approximately 57 per cent of the cash retail sales made in those years and they further contend that they should be entitled to deduct from gross income a reserve based upon their total cash sales upon the belief that approximately 100 per cent of the sales slips issued will be redeemed. Petitioners rely upon article 91 of Regulations 62, 65, and 69, which provides in part as follows:

Subtraction for redemption of trading stamps.—Where a taxpayer, for the purpose of promoting his business, issues with sales trading stamps or premium coupons redeemable in merchandise or cash, he should in computing the income from such sales subtract only the amount received or receivable which will be required for the redemption of such part of the total issue of trading stamps or premium coupons issued during the taxable year as will eventually be presented for redemption. This amount will be determined in the light of the experience of the taxpayer in his particular business and of other users engaged in similar businesses. The taxpayer shall file for each of the five preceding years, or such number of these years as stamps or coupons have been issued by him, a statement showing (a) the total issue of stamps during each year, (b) the total stamps redeemed in each year, and (c) the percentage for each year of the stamps redeemed to the stamps issued in such year. * * *

The petitioners admit that they can not strictly comply with the requirements of the regulations, inasmuch as they can not show the total sales slips redeemed in each year and the percentage for each year of the sales slips redeemed to the sales slips issued. They contend, however, that this should not deprive them of the right to deduct from their gross incomes an amount representing their liability in respect of the outstanding sales slips.

When the petitioners sold a bill of goods to any customer and issued a sales slip for the cash paid therefor the petitioners could not know that the particular sales slip would ever be redeemed in merchandise. The liability of the petitioners for the sales slips outstanding at the close of any taxable year was purely contingent upon whether the customers would elect to present them for redemption. The decisions of the Board and the courts have been consistent that liabilities set up to provide for contingencies are not deductible from gross income unless clearly authorized by the taxing statute. In *William J. Ostheimer*, 1 B. T. A. 18, we said: " Reserves for future incurred expenses are not allowable as deductions under the Revenue Act of 1918." In *Consolidated Asphalt Co.*, 1 B. T. A. 79, we said:

* * * but when a taxable corporation in the course of its business of making profits receives contractual compensation for work done and material furnished, it can not contend that a part of the amount received is not income because the taxpayer is subject to a collateral obligation the fulfillment of which may require it to spend some of the amount. * * * this result is not changed because in the light of a general experience the taxpayer feels reasonably certain of the necessity to expend the amount and is impelled by business prudence to set up a reserve therefor. * * *

In *Pan-American Hide Co.*, 1 B. T. A. 1249, we said:

\* \* \* Since the statute does not permit a taxpayer to deduct as an expense an amount which he fears he may some day be called upon to spend, there can be no sanction for such a deduction.

In *M. I. Stewart & Co.*, 2 B. T. A. 737, we said: "Reserves are not allowable deductions from gross income unless specifically provided for by statute." In *Readers' Pub. Corporation* v. *United States*, 40 Fed. (2d) 145, the Court of Claims of the United States held that the amounts set up in publishing corporations' books as reserve for return of magazines from distributors were not deductible in determining income tax. It stated:

\* \* \* Whether the plaintiff's books were kept on an accrual or cash basis, deductions to be allowed must be absolute to character. The reserves claimed by the plaintiff do not represent any fixed or determinable obligation but only a possible liability that would accrue, if ever, in some future year. \* \* \*

See also in this connection *J. S. Hoskins Lumber Co.*, 3 B. T. A. 846; *Monarch Cooperage Co.*, 13 B. T. A. 929; *Potts Run Coal Co.*, 19 B. T. A. 1; *LaSalle Cement Co. et al.*, 19 B. T. A. 806.

There is a further reason why the petitioners' claims for the allowance of a deduction in respect of their contingent liabilities on outstanding sales slips must be denied and this point is stressed by the respondent.

Under the petitioners' method of accounting premium merchandise is included with other merchandise purchased. During the taxable years the cost of such merchandise was included in purchases of merchandise and in inventories at the beginning and end of each year. When the premium merchandise was issued to customers in redemption of the sales slips the retail sales were not affected. The record distinctly shows that the cost of premium merchandise given out by the petitioners was automatically reflected as deductions from gross income through the method of handling the inventories.

The petitioners contend that regardless of this method of keeping their books of account they should, nevertheless, be entitled to deduct amounts representing their liability on the outstanding sales slips. But if this method were permitted the petitioners would very clearly obtain a double deduction from gross income of the cost of the premium merchandise. The taxing statutes do not permit such double deduction.

There is nothing in the record to show that petitioners' books of account as kept overstate their net income. There is no evidence before us which shows that a larger percentage of the sales slips issued in each of the taxable years will be ultimately redeemed than

the amount which was actually redeemed in each of the taxable years. The petitioners, having obtained a deduction from the gross income of each year of the cost of the merchandise issued as premiums, are not entitled to any additional deduction.

*Judgments will be entered for the respondent.*